UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re:

DAVID C. WHITE,

    Debtor.                                                  Case No: 09-33543-DOT

MIDFIRST BANK,

    Movant,                                                  Chapter 13

v.

DAVID C. WHITE,
CARL M. BATES, Trustee,

    Respondents.

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on March 30, 2011 on the Motion of MidFirst Bank, for relief from the automatic stay with respect to the real property located at 6688 Tatum Road, Disputanta, Virginia and more particularly described as follows:

Jason L. Hamlin, VSB #46931
Melissa M. Watson Goode, VSB #73516
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
(757) 625-6787
Attorneys for MidFirst Bank

ALL that certain lot or parcel of land, with improvements thereon and appurtenances thereto belonging, in Templeton Magisterial District, Prince George County, Virginia, containing 13.4 acres, more or less, and identified as Parcel B (circled B) on a plat entitled "FAMILY DIVISION OF TP# 06(A)-4A SITUATED ON S.R. #620, TEMPLETON DISTRICT, PRINCE GEORGE COUNTY, VIRGINIA", drawn by Robert V. Cawthorne, Jr., dated October 1, 2001, a copy of which is recorded with that certain deed recorded June 13, 2002 as Instrument No. 020003208, and to which plat reference is made for a more particular description of the land and then following easement hereby conveyed;

TOGETHER WITH a permanent, nonexclusive easement of right-of-way, 50' wide, for ingress and egress and utilities, extending to and from the above described Parcel B and State Route 620, Tatum Road, as shown on the aforesaid plat.

UPON consideration of which, it is ORDERED:

1.    The Debtor will resume making regular monthly installment payments in the amount of $1,551.19 as they become due commencing on April 1, 2011. Late payments will include applicable late charges in the amount of $62.04.

2.    The Movant shall conditionally defer a portion of the post-petition arrearages in the amount of $3,102.38 to the date of maturity of the Deed of Trust indebtedness due the Movant and/or the date upon which full payment thereunder 1becomes due in the event of demand in the event of subsequent default conditioned upon the compliance by the Debtor with the terms of this Order as more particularly hereinbelow set forth.

3.    The Debtor will cure the remaining post-petition arrearage currently due to the Movant through March 31, 2011 in the total amount of $5,084.06 which includes late charges, deferred late charges, property inspection fees, filing fees and attorney's fees, by filing a modified Chapter 13 plan on or before April 15, 2011 providing for payment of a claim for the

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

2

post-petition arrearages, attorney's fees and costs due the Movant in addition to the pre-petition arrearages presently provided for in the Debtor's Chapter 13 plan.

4. The Movant is allowed to file an amended secured Proof of Claim herein in the total sum of $9,892.67 constituting the pre-petition and post-petition arrearages due the Movant (inclusive of its attorney's fees and costs incurred relative to the filing and resolution of the Motion for Relief from Stay herein) calculated through the month of March 2011.

5. In the event that the modified Chapter 13 plan required to be filed by this Order is not filed by April 15, 2011 and/or any payment required by this Order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

   a. That the Debtor is in default in making at least one payment required under this Order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the Debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the Court stating that no default exists; or
      iii. file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;
   e. That if the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and
   f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that

Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

3

neither the Debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

6. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this Order, the Movant must obtain relief by filing a new Motion for Relief from Stay with appropriate notice and hearing.

7. In the event an Order is entered terminating the automatic stay, the Movant 1shall be entitled to consider the aforementioned deferral of payment of the remainder of post-petition arrearages previously granted to the Debtor herein null and void.

8. Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

9. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

10. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, the Movant shall be entitled to reasonable attorney's fees in the amount of

Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

$75.00 for issuance of a notice of default, and an additional $175.00 for issuance of a certificate of default and preparation of an Order terminating the automatic stay.

Richmond, Virginia

_____, 2011.

_____
DOUGLAS O. TICE, JR.
United States Bankruptcy Judge

I ask for this:

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode, Attorney for Movant

Seen and agreed:

/s/ Jason M. Krumbein, Esq. VSB #43538
Jason Meyer Krumbein, Attorney for Debtor

Seen:

/s/ Carl M. Bates
Carl M. Bates, Trustee

### CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form Order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212

## CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties herein.

                                                  /s/ Melissa M. Watson Goode
                                                  Melissa M. Watson Goode

PARTIES TO RECEIVE COPIES:

Jason Meyer Krumbein, Esquire
5310 Market Road, Suite 102
Richmond, VA  23230

Carl M. Bates, Trustee
Post Office Box 1819
Richmond, VA  23218

David C. White
6688 Tatum Rd.
Disputanta, VA  23842

Melissa M. Watson Goode, Esquire (Via electronic transmittal)

**Glasser and Glasser, P.L.C.**
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510-2212